UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **3155 DAUPHINE LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2213** |
| **INDEPENDENT SPECIALTY INSURANCE COMPANY et al.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Defendants Certain Underwriters at Lloyd's, London, and Other Insurers Subscribing to Binding Authority No. B604510568622021 and Independent Specialty Insurance Company's (collectively, "Insurers") "Motion to Compel Arbitration and to Stay or, Alternatively, Dismiss the Proceedings."[1] Plaintiff 3135 Dauphine LLC ("Plaintiff") opposes, arguing that the motion is premature and that the Court should order the parties to participate in mediation.[2] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion, compels arbitration, and stays the claims against Insurers pending arbitration.

## I. Background

On June 27, 2023, Plaintiff filed a Complaint in this Court alleging that Defendants owe it money under an insurance policy covering property damage caused by Hurricane Ida on August 29, 2021.[3] Plaintiff alleges that Defendant Independent Specialty Insurance Company is a "foreign

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 16.

[3] Rec. Doc. 1 at 1–4.

1

insurance company" incorporated in Delaware and has its principal place of business in Texas.[4] Plaintiff alleges that Certain Underwriters at Lloyds and Other Insurers Subscribing to B604510568622021 is also a "foreign insurance company" that is incorporated in England and has its U.S. principal place of business in New York.[5] Plaintiff alleges that it owns property located at 3135 Dauphine Street, New Orleans, LA 70117 ("Property") and that insurance policy number 2020-804569-02 ("Insurance Policy") issued by Defendants was in effect when Hurricane Ida struck and damaged the Property.[6] Plaintiff asserts a breach of insurance contract claim and a claim for bad faith insurance adjusting.[7]

On June 28, 2023, the Court issued the Hurricane Ida claims Amended Case Management Order ("CMO") in this case, which states that it is "presumed that the litigants in Hurricane Ida cases will be subject to the [Streamlined Settlement Program] ("SSP.")."[8] On August 23, 2023, Insurers filed the instant motion and noticed it for submission on September 20, 2023.[9] On August 31, 2023, the Magistrate Judge granted Insurers' Motion to Opt out of the Court's Streamlined Settlement Program in part to the extent necessary for Insurers to prosecute the instant Motion to Compel Arbitration.[10] On September 12, 2023, Plaintiff filed a response opposing Insurers'

---

[4] *Id.*

[5] *Id.* at 2.

[6] *Id.* at 3.

[7] *Id.* at 5–6.

[8] Rec. Doc. 4 at 5.

[9] Rec. Doc. 9.

[10] Rec. Doc. 13.

motion.[11] On September 19, 2023, Insurers filed a reply to Plaintiff's opposition.[12]

## II. Parties' Arguments

### A.   *Insurers' Arguments in Support of the Motion to Compel Arbitration*

Insurers move the Court to issue an Order staying this litigation and compelling arbitration or in the alternative, to dismiss the Complaint in favor of arbitration.[13] According to Insurers, the Insurance Policy contains a mandatory arbitration clause.[14] Insurers contend that the arbitration provision in the Insurance Policy falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention").[15] Insurers also contend that the arbitration provision is "equally enforceable under the Federal Arbitration Act."[16]

Insurers argue that the four criteria to compel arbitration under the Convention are satisfied.[17] First, Insurers assert that the Insurance Policy contains a written agreement to arbitrate.[18] Second, Insurers aver that the clause provides for arbitration in the United States, a signatory nation to the Convention.[19] Third, Insurers contend that the arbitration agreement arises

---

[11] Rec. Doc. 16.

[12] Rec. Doc. 20.

[13] Rec. Doc. 9 at 1.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] Rec. Doc. 9-1 at 7–9 (citing *Brittania-U Nigeria, Ltd. v. Chevron USA, Inc.*, 866 F.3d 709, 712 (5th Cir. 2017) ("The requirements for Convention jurisdiction are typically (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen.") (quotations and citations omitted)).

[18] *Id.* at 8.

[19] *Id.*

out of a commercial relationship between Plaintiff and Defendants.[20] Fourth, Insurers argue that some of the Defendants are not United States citizens.[21] According to Insurers, "because the Arbitration Agreement falls under the [] Convention, the Court should compel arbitration."[22]

Insurers also argue that they have met the criteria for the Court to compel arbitration under the Federal Arbitration Act.[23] First, Insurers contend that the arbitration clause in the Insurance Policy "is a valid agreement to arbitrate under Louisiana law."[24] Insurers then contend that "the Court's inquiry stops here," because the arbitration provision contains a delegation clause that requires the arbitration panel to decide whether this litigation falls within the scope of the arbitration provision.[25] Insurers argue even if the Court considered the second inquiry, whether the dispute in question falls within the scope of the arbitration provision, this litigation here relates to "[a]ll matters in dispute between [Plaintiff] and [Insurers] in relation to this Insurance …"[26]

Insurers also aver that 9 U.S.C. § 3 requires that this litigation be stayed pending arbitration.[27] Finally, Insurers note that "if the Court would prefer, it may also dismiss this action

---

[20] *Id.*

[21] *Id.*

[22] *Id.* at 9.

[23] *Id.* (citing *Wilhem v. Thor Motor Coach*, No. 17-1148, 2017 WL 2426007, at *2–*3 (E.D. La. June 5, 2017) (Lemelle, J.) ("Accordingly, to determine if the parties agreed to arbitrate, the court should consider (1) whether a valid agreement to arbitrate between the parties exist; and (2) whether the dispute in question falls within the scope of that arbitration agreement.") (quotations and citations omitted)).

[24] *Id.* at 10.

[25] *Id.*

[26] *Id.*

[27] *Id.* at 3. *See also* 9 U.S.C. § 3 (providing that the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement").

because all the claims are arbitrable."[28]

### B.     Plaintiff's Arguments in Opposition to the Motion to Compel Arbitration

Plaintiff argues that Insurers' motion should be denied because it is premature.[29] Plaintiff reasons that the Court's CMO establishing the SSP stayed all pretrial matters except for initial disclosures.[30] In further support of this argument, Plaintiff cites to *Southeastern Hospitality v. Independent Specialty* where another judge in this district denied a party's motion to compel arbitration as premature, which allowed the parties to go through mediation.[31]

Plaintiff also argues that the Court should require the parties to participate in the SSP and allow the parties to resolve the matter through mediation.[32] Plaintiff reasons that this is because mediation "would serve the interests of judicial economy, encourage the efficient resolution of this matter, and avoid potentially unnecessary costs to the parties."[33] Plaintiff further argues that compelling arbitration and dismissing the case or staying it would be contrary to Insurers' own admitted goals of avoiding increased costs and lengthening time needed to resolve this case, which insurers mentioned in their Motion to Opt out of the SSP.[34]

Plaintiff avers that "[o]rdering the parties to mediate this dispute through the SSP would not violate the policy's arbitration clause nor would it prejudice Defendants' purported interest in

---

[28] Rec. Doc. 9-1 at 13.

[29] Rec. Doc. 16 at 1.

[30] *Id.* at 2 (citing *In re: Hurricane Ida Claims*, First Amendment to Case Management Order No. 1 at 9).

[31] *Id.* (citing *Se. Hosp. Partners, LLC v. Ind. Specialty Ins. Co.*, Case No. 22-3771; Rec. Doc. 19 at 2).

[32] *Id.* at 1, 3.

[33] *Id.* at 3.

[34] *Id.* (citing to Rec. Doc. 6 at 1).

compelling arbitration at a later date."[35] Plaintiff reasons that this is because the SPP is not a process where the parties would submit the dispute for decision by a third-party, which Plaintiff contends is what the arbitration clause covers.[36] As to prejudice, Plaintiff reasons that requiring mediation would not prejudice Insurers because they can still pursue arbitration at a later time if mediation fails to resolve the case.[37]

C. *Insurers' Arguments in Further Support of its Motion to Compel Arbitration*

Insurers filed a reply to Plaintiff's response opposing the motion.[38] First, Insurers argue that compelling arbitration is mandatory and not permissive under the Convention.[39] Second, Insurers aver that the motion is timely and proper because this Court entered an Order granting Insurers' Motion to Opt Out of the SSP for the purpose of allowing them to prosecute their Motion to Compel Arbitration.[40] Insurers further argue that "Plaintiff's reliance on *Southeastern Hospitality* is misplaced, and its characterization of those proceedings is misleading."[41] Insurers reason that *Southeastern Hospitality* is distinguishable because there, the parties already scheduled a mediation that would occur two days after the submission on the defendant's motion to compel arbitration and the presiding judge ultimately denied the defendant's motion to compel arbitration without prejudice because mediation had to be rescheduled.[42] In addition, Insurers argue that

---

[35] *Id.* at 1, 3.

[36] *Id.* at 4.

[37] *Id.*

[38] Rec. Doc. 20.

[39] *Id.* at 2–3.

[40] *Id.* at 3 (citing Rec. Doc. 13).

[41] *Id.*

[42] *Id.* at 3–4 (citing *Se. Hosp.*, Case No. 22-3771; Rec. Doc. 17 at 2).

*Southeastern Hospitality* actually supports compelling arbitration because mediation in that case ultimately failed and the defendant had to refile the motion to compel arbitration, thereby delaying the case and wasting resources.[43] Third, Insurers similarly contend that equity and judicial economy support compelling arbitration because Plaintiff's choice to file suit in this Court rather than entering arbitration "forced the Court and Defendants to unnecessarily expend time and resources addressing Plaintiff's procedural impropriety."[44] Insurers also note that the Court is not required to order that the parties participate in settlement negotiations and such an order would delay resolution of the case.[45] Fourth, Insurers contend that its forced participation in this litigation rather than resolving this matter in an arbitral forum is in violation of the insurance contract.[46]

### III. Law and Analysis

Insurers move the Court to issue an Order compelling arbitration and staying this litigation.[47] Insurers argue that the underlying insurance policy is governed by the Convention, and that all requirements to compel arbitration under the Convention are met.[48] Plaintiff opposes, arguing that the motion is premature due to the Court's CMO instituting the SSP.[49] Plaintiff also argues that the Court should require the parties to participate in the SSP and resolve the matter through mediation because it is more time and cost effective.[50]

---

[43] *Id.* at 5 (citing *Se. Hosp.*, Case No. 22-3771; Rec. Doc. 28).

[44] *Id.*

[45] *Id.* at 6.

[46] *Id.*

[47] Rec. Doc. 9.

[48] *Id.*

[49] Rec. Doc. 16.

[50] *Id.*

A. *Whether the motion to compel is premature*

As an initial matter, the Court must determine if Insurers' motion is premature. Plaintiff contends that because the parties in this case are bound by the Court's CMO in which the case is stayed and the parties must participate in the SSP, ordering the parties to arbitrate their dispute would be premature.[51] However, the CMO allows either party to petition the Magistrate Judge to opt out of the SSP for good cause within 15 days of the defendant filing responsive pleadings.[52] Subsequently, Insurers filed a motion to opt out of the SPP within 15 days after they filed an answer.[53] The Magistrate Judge then granted the Insurers' motion to opt out of the SSP so that the Court may consider Insurers' instant motion to compel arbitration.[54]

This case is distinguishable from *Southeastern Hospitality*, which Plaintiff cites, because the parties there already scheduled a mediation date when the defendants filed the motion to compel arbitration and noticed it for submission two days before the mediation date.[55] The plaintiff there filed a response to the defendant's motion to compel and sought to continue the submission date.[56] The presiding judge denied the defendant's motion to compel arbitration as premature, but without prejudice, because the parties provided an update that their originally scheduled mediation date had to be rescheduled.[57] Here, the parties have not represented that there is a scheduled

---

[51] *Id.* at 1.

[52] Rec. Doc. 4 at 5.

[53] Rec. Docs. 5, 6.

[54] Rec. Doc. 13.

[55] Case No. 22-3771; Rec. Docs. 16, 17.

[56] Case No. 22-3711; Rec. Doc. 16.

[57] Case No. 22-3711; Rec. Doc. 19.

mediation that would be close to the submission date for the motion to compel arbitration. Therefore, Plaintiff's arguments that Insurers' motion is premature is unavailing.

**B.      *Whether the Court is required to compel arbitration***

The Court must next determine whether it is required to compel arbitration, as Insurers argue, or if the Court may order the parties to participate in mediation instead of arbitration, as Plaintiff argues.

In 1958, the United Nations Economic and Social Council adopted the Convention.[58] In 1970, the United States acceded to the treaty (the "Convention Act"), which was subsequently implemented by Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq*.[59] Article II(1) of the Convention requires contracting states, including the United States, to recognize certain written arbitration agreements. It states:

> Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.

Section 201 of the FAA provides that the Convention shall be enforced in United States courts.[60] The Supreme Court has stated that "[t]he goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the

---

[58] *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1262 (11th Cir. 2011).

[59] *Id.*

[60] 9 U.S.C. § 201 ("The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter.").

standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[61]

The Convention Act provides that "[a] court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States."[62] In applying the Convention, the Fifth Circuit has held that "courts conduct only a very limited inquiry."[63] Under this inquiry, a court should compel arbitration if (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen.[64] Once these requirements are met, the Convention requires the district court to order arbitration, "unless it finds that the said agreement is null and void, inoperative or incapable of being performed."[65]

As a general matter, arbitration provisions in insurance contracts are void under Louisiana law.[66] "The McCarran-Ferguson Act permits states to reverse-preempt an otherwise applicable 'Act of Congress' by enacting their own regulations of the insurance industry."[67] However, the McCarran-Ferguson Act does not apply to "a treaty, such as the Convention, which 'remains an international agreement or contract negotiated by the Executive Branch and ratified by the Senate,

---

[61] *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 520 n.15 (1974).

[62] 9 U.S.C. § 206.

[63] *Freudensprung*, 379 F.3d at 339.

[64] *Id.*

[65] *Id.*

[66] *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 431 (5th Cir. 2019).

[67] *Id.*

not by Congress.'"[68] Therefore, the Convention Act is not reverse-preempted by state law, and arbitration provisions that fall under the Convention Act are enforceable in Louisiana.[69]

Here, the Court finds that the requirements to compel arbitration under the Convention Act are met. First, the insurance policy contains a written agreement to arbitrate in Section H, subsection 4 of the policy.[70] Second, that clause provides for arbitration in a signatory nation—namely, the United States.[71] Third, the arbitration agreement arises from a commercial legal relationship because it is contained in an insurance policy issued to a business.[72] Fourth, Defendant Lloyd's of London is a citizen of nations other than the United States. For example, multiple underwriters at Defendant Lloyd's of London are citizens of the United Kingdom, Great Britain, and Bermuda.[73] Plaintiff does not argue that the arbitration clause is unenforceable or that it is not mandatory. Nor does the Court have discretion to order mediation in place of arbitration given that the mandatory arbitration clause is enforceable and requires the Court to compel arbitration.[74] The Court recognizes the importance of mediation in resolving disputes and the parties may seek permission from the arbitral forum to participate in mediation if they agree to do so. Accordingly,

---

[68] *Id.* at 432 (quoting *Safety Nat. Cas, Corp. v. Certain Underwriters at Lloyd's London*, 587 F.3d 714, 723 (5th Cir. 2009)).

[69] *Id.*

[70] *See* Rec. Doc. 9-2 at 39–40 (Insurance Policy Arbitration Clause).

[71] *See id* at 40. ("Any arbitration shall take place in Nashville, Tennessee, unless some other locale is agreed by the Arbitrator or Arbitration Tribunal.").

[72] Rec. Doc. 9–2 (Insurance Policy).

[73] Rec. Doc. 9-1 at 2–3. Plaintiff has not opposed Insurers' representation that certain members subscribing to a portion of the Insurance Policy are not citizens of the United States. *See* Rec. Doc. 16. In addition, Plaintiff's complaint alleges that Defendant Certain Underwriters at Lloyd's and Other Insurers Subscribing B604510568622021 is incorporated under the laws of England. Rec. Doc. 1 at 2.

[74] *Brittania-U Nigeria*, 866 F.3d at 712; *Freudensprung*, 379 F.3d at 339; *Franco's Athletic Club LLC v. Davis et al.*, No. 21-1647, 2022 WL 229343 (E.D. La. Jan. 26, 2023) (Brown, CJ).

the Court will compel arbitration. Additionally, when a court compels arbitration, it "shall . . . stay the trial of the action . . . until such arbitration has been had."[75] Therefore, the Court will stay the claims against Insurers pending arbitration.

## V. Conclusion

Based on the foregoing,

**IT IS HEREBY ORDERED** that Insurers' "Motion to Compel Arbitration and to Stay or Alternatively, Dismiss the Proceedings"[76] is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims against Insurers are **STAYED** and the case is administratively closed pending arbitration.

**NEW ORLEANS, LOUISIANA**, this 26th day of September, 2023.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[75] 9 U.S.C. § 3.

[76] Rec. Doc. 9.